THE STATE OF OHIO, APPELLEE, *v.* WERE, APPELLANT.

[Cite as *State v. Were,* 120 Ohio St.3d 85, 2008-Ohio-5277.]

(No. 2007–1368—Submitted October 8, 2008—Decided October 16, 2008.)

---

Per Curiam.

{¶ 1} Appellant, James Were, challenges the denial of his application to reopen his direct appeal pursuant to App.R. 26(B).

{¶ 2} Appellant was convicted of, and sentenced to death for, the aggravated murder of Corrections Officer Robert Vallandingham during the inmate riot at

the Southern Ohio Correctional Facility ("SOCF") in April 1993. The court of appeals affirmed his convictions and death sentence. *State v. Were*, Hamilton App. No. C–030485, 2005-Ohio-376, 2005 WL 267671, and 2006-Ohio-3511, 2006 WL 1867840. We also affirmed appellant's convictions and sentence. *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263. On his direct appeal to the court of appeals and subsequently to this court, he was represented by H. Fred Hoefle and Chris McEvilley.

{¶ 3} Following the court of appeals' decision, appellant—now represented by the Ohio Public Defender—filed an application with the court of appeals to reopen his initial appeal pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204. App.R. 26(B)(5) requires that the applicant show a "genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." Appellant claimed that he had been denied effective assistance by reason of his appellate counsel's failure to raise certain issues in the court of appeals. On June 20, 2007, the court of appeals denied appellant's application for reopening. *State v. Were* (June 20, 2007), Hamilton App. No. C–030485. He now appeals from that denial.

{¶ 4} Appellant raises three issues in this appeal. In his first proposition of law, he argues that the court of appeals erred by failing to conduct an evidentiary hearing before denying his application for reopening. App.R. 26(B)(8) provides that "[i]f the court of appeals *determines that an evidentiary hearing is necessary*, the evidentiary hearing may be conducted by the court or referred to a magistrate." (Emphasis added.) See *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 11. Thus, appellant was not entitled to an evidentiary hearing before the court of appeals ruled on his application. Moreover, the record does not show that he requested an evidentiary hearing. Even assuming such a hearing was requested, appellant fails to explain how he was prejudiced by the court of appeals' failure to conduct such a hearing. The court of appeals' opinion shows that the court carefully considered each of the issues that appellant wanted to raise on a reopened appeal before denying his application. We reject proposition I.

{¶ 5} In proposition of law II, appellant argues that the court of appeals erred by invoking res judicata as a basis for denying his application for reopening.

{¶ 6} The court of appeals rejected eight issues included in appellant's application for reopening on the grounds of res judicata: "(1) the trial court's conduct in conditioning the granting of Were's motion for a jury view upon his waiver of his right to attend the view, (2) the court's restriction during voir dire of inquiries into prospective jurors' views of capital punishment, (3) the denial of Were's challenges to the prosecution's exercise of peremptory challenges to excuse two African–American jurors, (4) the trial judge's contact with the jury on the bus to

the jury view, (5) the admission of testimony and audiotape containing statements of individuals who did not testify at trial, (6) the preclusion of testimony that another inmate had committed the murder, (7) the trial judge's bias stemming from his exposure to prejudicial information acquired when presiding over the trial of another prison inmate, and (8) the court's failure to instruct the jury during the penalty phase of the trial that it need not unanimously reject the death sentence before recommending a life sentence." *State v. Were* (June 20, 2007), Hamilton App. No. C–030485, at 2. The court of appeals held that those issues were barred by res judicata because appellate counsel had raised those issues in his subsequent appeal to this court. Id. at 2–3.

{¶ 7} Appellant argues that the court of appeals erred in applying res judicata because those issues were never raised before it and decided by it. However, this claim has no merit. "*Res judicata* may be applied to bar further litigation of issues that were raised previously or could have been raised previously in an appeal." *State v. Houston* (1995), 73 Ohio St.3d 346, 347, 652 N.E.2d 1018. Before the court of appeals denied Were's application, appellant had filed his brief on appeal in this court. His brief raised the eight issues that the court of appeals found were res judicata. Accordingly, each of those issues had been "raised previously" in an appeal, and we have since decided those issues. *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263. Therefore, they are now res judicata. Thus, we reject proposition II.

{¶ 8} In proposition of law III, appellant reaches the merits of issues that he claims his appellate lawyers should have raised. As discussed, eight of those issues are rejected on the basis of res judicata. In addition, appellant argues that his appellate counsel were ineffective by failing to challenge the trial court's ruling requiring him to wear a stun belt during the trial. He also argues that his appellate counsel were ineffective by failing to challenge the trial court's restrictions of questioning during voir dire about whether the prospective jurors could follow the law and consider the evidence during both phases of the trial. However, we considered and rejected both of those claims in Were's appeal before this court. *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263, ¶ 76–85 and ¶ 101–103. Appellant also raises multiple claims of ineffective assistance of trial counsel that he asserts his appellate counsel should have raised. However, we considered and rejected most of those ineffectiveness claims in Were's appeal before this court. Id. at ¶ 215–252.

{¶ 9} Appellant's remaining assignments of error address issues that appellate counsel did not raise on appeal: (1) the denial of appellant's motion for transfer to the Hamilton County jail during pretrial proceedings, which allegedly precluded him from having meaningful contact with his counsel, (2) the admissibility of testimony obtained through promises of lesser sentences and letters to parole

boards, (3) trial counsel's ineffectiveness in failing to notify him of the identity of doctors who were going to evaluate his competency, and (4) trial counsel's ineffectiveness in conducting voir dire.

{¶ 10} The two-pronged analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to determine whether a defendant has received ineffective assistance of appellate counsel. See *State v. Sheppard* (2001), 91 Ohio St.3d 329, 330, 744 N.E.2d 770; *State v. Spivey* (1998), 84 Ohio St.3d 24, 25, 701 N.E.2d 696.

{¶ 11} In order to show ineffective assistance, appellant "must prove that his counsel were deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal." *Sheppard,* 91 Ohio St.3d at 330, 744 N.E.2d 770, citing *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus. Moreover, to justify reopening his appeal, appellant "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *Spivey,* 84 Ohio St.3d at 25, 701 N.E.2d 696.

{¶ 12} We have reviewed the assertions of deficient performance by appellate counsel and find that appellant has failed to raise a "genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal" before the court of appeals, as required by App.R. 26(B)(5).

{¶ 13} Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Mark E. Piepmeier, Special Prosecuting Attorney, and William E. Breyer, Assistant Special Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Randall L. Porter, Assistant Public Defender, for appellant.