[Cite as *State v. Frost*, 2010-Ohio-3281.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 08 MA 44 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | AND |
| ALLEN FROST, | ) | JUDGMENT ENTRY |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:            Application for Reopening
                                     Criminal Appeal from Common Pleas
                                     Court, Case No. 07 CR 1366.


JUDGMENT:                            Application Denied.


APPEARANCES:
For Plaintiff-Appellee:              Attorney Paul J. Gains
                                     Prosecuting Attorney
                                     Attorney Ralph M. Rivera
                                     Asst. Prosecuting Attorney
                                     21 W. Boardman Street, 6th Floor
                                     Youngstown, OH  44503


For Defendant-Appellant:             Allen K. Frost, Pro-se
                                     #543-761
                                     Belmont Correctional Institution
                                     68518 Bannock Road, P.O. Box 540
                                     St. Clairsville, OH  43950-0540


JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Gene Donofrio

                                     Dated:  June 25, 2010

PER CURIAM:

**{¶1}** Appellant Allen K. Frost has filed a App.R. 26(B) application to reopen his appeal based on a claim of ineffective assistance of appellate counsel, along with a motion for leave to file a delayed App.R. 26(B) application. Although the nature of Frost's motion for leave acknowledges his tardiness, he has provided no reason whatsoever as to why his application was filed over one year after this court's March 3, 2009 decision, let alone shown good cause for delayed consideration. As a result, he has failed to satisfy the procedural requirements of App.R. 26(B). Further, we conclude that Frost has failed to demonstrate a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal. Accordingly, his application is denied.

**{¶2}** On November 2, 2007, Frost was indicted on one count of murder, in violation of R.C. 2903.02(A)(D), with a gun specification pursuant to R.C. 2941.145(A). Evidence at trial showed that Frost shot Gregory Sopher in the head from five feet away during a confrontation over a video-game wager. On March 17, 2008, Frost was sentenced to a total of thirteen years in prison, subsequent to a jury verdict of guilty for the lesser-included offense of voluntary manslaughter, in violation of R.C. 2903.03, with a gun specification pursuant to R.C. 2941.145(A). In his direct appeal, Frost raised two assignments of error, addressing issues with the trial court's sentencing decision. On March 3, 2009, we affirmed the judgment of the trial court. *State v. Frost*, 7th Dist. No. 08 MA 44, 2009-Ohio-1014. On May 27, 2010, Frost filed the present motion and application, alleging that his appellate counsel was ineffective for having failed to raise the error of ineffective assistance of trial counsel.

**{¶3}** Pursuant to App.R. 26(B)(1), a criminal appellant may apply for a reopening of his appeal based on a claim of ineffective assistance of appellate counsel. The application must be filed within ninety days from an appellate court's judgment, unless the applicant shows good cause for filing at a later time. Id. App.R. 26(B)(2) lists the items an applicant must file in order for the merits of the application to be considered. One of

the items that must be included is "[a] showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment." App.R. 26(B)(2)(b).

**{¶4}** In his application and motion, Frost has acknowledged that his filing is outside the ninety day time limitation for the application, but he has provided no reason as to why his filing was delayed. With no reason provided, there is no way for this court to find that there was good cause for Frost's untimely filing. Because he has failed to satisfy the procedural requirements of App.R. 26(B), Frost's application must be denied.

**{¶5}** Even if Frost's application had been filed in a timely manner, it fails on its merits. An application for reopening should be granted "if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). The applicant "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d 24, 25, 1998-Ohio-704, 701 N.E.2d 696.

**{¶6}** In order to determine whether an applicant has raised a genuine issue regarding appellate counsel's ineffectiveness, we apply the same standard used for an analysis of trial counsel's ineffectiveness. *State v. Mack*, 101 Ohio St.3d 397, 2004-Ohio-1526, 805 N.E.2d 1108, at ¶4; *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. Thus, the applicant must establish that counsel's performance fell below an objective standard of reasonable representation by failing to raise the issues now presented, and that there was a reasonable probability that, but for appellate counsel's failures, the outcome of his original appeal would have been different. *State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, at ¶11.

**{¶7}** Here, Frost asserts that appellate counsel was ineffective for having failed to raise an assignment of error regarding the ineffective assistance of trial counsel. As noted, we review trial counsel's performance pursuant to the two-pronged test of *Strickland.*

**{¶8}** In his proposed assignment of error, Frost asserts that trial counsel was

ineffective for having failed to file a motion to suppress some unspecified evidence, and for failing to address the court "for mitigation of sentence." Frost has included no further argument, nor has he included applicable portions of the record for this court's review. Frost has not provided adequate information for this court to determine whether there is a reasonable probability a particular motion to suppress, or certain statements in mitigation of punishment, would have been successful had trial counsel taken such action. As a result, this court would be unable to conclude that, but for the deficiency of appellate counsel in failing to raise the issue, the outcome of Frost's appeal would have been different. We therefore reject Frost's proposed assignment of error.

{¶9} Frost did not demonstrate good cause for the untimely filing of his application for reopening, and he has not demonstrated there is a genuine issue as to whether he was deprived of the effective assistance of appellate counsel. Accordingly, Frost's application to reopen is denied.

Vukovich, P.J., concurs.
Donofrio, J., concurs.
DeGenaro, J., concurs.