[Cite as *State v. Breznicki*, 2014-Ohio-197.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 94971**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MAJOR M. BREZNICKI

DEFENDANT-APPELLANT

**JUDGMENT:**
APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-527966
Application for Reopening
Motion No. 469495

**BEFORE:** Jones, J., Kilbane, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** January 22, 2014

**ATTORNEY FOR APPELLANT**

Britta M. Barthol
P.O. Box 218
Northfield, Ohio 44067


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Mahmoud Awadallah
        James M. Price
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

**{¶1}** On October 30, 2013, the applicant, Major M. Breznicki, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Breznicki*, 8th Dist. Cuyahoga No. 94971, 2011-Ohio- 697, that affirmed Breznicki's convictions and sentences for one count of rape. Breznicki claims that he has good cause for making an untimely application and that his appellate attorney was ineffective for not arguing that the trial court erred by accepting his guilty plea without advising him of the nature of the charges against him and not ensuring that he understood them. The state has opposed the application for reopening on various grounds and Breznicki has filed a reply along with a motion to supplement his application with documents "regarding [his] learning/mental deficiency." For the following reasons, this court denies the application to reopen.

**{¶2}** The appellate judgment was journalized on February 17, 2011. The application for reopening was not filed until October 30, 2013. This falls well outside the time limits of App.R. 26(B)(1) that requires applications to be filed within 90 days after journalization of the appellate judgment. The only exception that would permit us to review an untimely application is if applicant establishes good cause for filing at a later time. *Id*.

**{¶3}** The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has firmly established that:

Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.

Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct 1148, 71 L.Ed 2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. [The applicant] could have retained new attorneys after the court of appeals issued its decision in 1994, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline.

* * *

The 90-day requirement in the rule is "applicable to all appellants," *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 1996 Ohio 52, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.

*State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7. *See also State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; *State v. Reddick*, 72 Ohio St.3d 88, 647 N.E.2d 784 (1995).

{¶4} Breznicki has failed to establish "good cause" for the untimely filing of his application for reopening. He urges us to find good cause exists for the untimely filing for the following reasons: (1) he was relying on his mother's efforts to retain counsel for him; (2) he has a learning disability; and (3) he has no funds to pay for counsel so he is relying on the advice of a "jail-house-lawyer." It is well settled that none of the reasons

qualify as good cause for filing an application pursuant to App.R. 26(B) outside the 90-day time period.

> [A]n App.R. 26(B) application for reopening is a "collateral postconviction remedy," and the state "has no constitutional obligation * * * to provide counsel to those defendants who file applications under that rule."

*State v. Twyford*, 106 Ohio St.3d 176, 2005-Ohio-4380, 833 N.E.2d 289,  ¶ 8, quoting *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157. Applicant's lack of legal training does not excuse his failure to comply with the deadline. *Id*. at ¶ 9, citing *State v. Reddick*, 72 Ohio St.3d 88, 91, 647 N.E.2d 784 (1995).

{¶5} In support of his alleged learning mental deficiency, applicant has submitted the following documents: an affidavit of a fellow inmate and uncertified school records from 1984 and 1985. The inmate affidavit avers that applicant had expressed difficulty understanding things and required assistance in preparation of his legal documents. The school records pertain to assessments of applicant's academic and behavioral issues from approximately thirty years ago.  These documents do not provide good cause for excusing applicant's failure to comply with the deadline of App.R. 26(B). *See State v. Morris*, 10th Dist. Franklin No. 05AP-1032, 2010-Ohio-786, ¶ 10 (finding applicant's alleged diagnosis and classification as "seriously mentally ill" did not provide support for his claim that his mental health issues prevented him from filing a timely application), citing *State v. Haliym*, 8th Dist. Cuyahoga No. 54771, 2001 Ohio App. LEXIS 3892 (Aug. 27, 2001) ("court rejected defendant's claim of mental impairment arising from a gunshot wound to the head as sufficient to establish good cause for waiting more than ten

years to file his application."). This court has held that an applicant's "learning disability, his limited formal education and the fact that he 'does not possess a legal mind'" are not good cause for an untimely application for reopening. *State v. Day*, 8th Dist. Cuyahoga No. 79368, 2005-Ohio-281, ¶ 5; *see also State v. McNeal*, 8th Dist. Cuyahoga No. 77977, 2001 Ohio App. LEXIS 1596 (Apr. 5, 2001), *reopening disallowed*, 2002-Ohio-4764, Motion No. 38615, ¶ 4-5 (rejecting a "learning disability" as ground for demonstrating good cause for the late filing of an application for reopening).

{¶6} Finally, the principles of res judicata bars an applicant from raising any issues that were raised previously or could have been raised previously in an appeal. *State v. Were*, 120 Ohio St. 3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶ 7. Here, Breznicki contends that his appellate counsel was ineffective for failing to challenge the validity of his plea. Specifically, he suggests that he did not understand the nature of the charges against him in violation of Crim.R. 11. However, appellate counsel argued that the trial court erred by denying the motion to withdraw his plea. In resolving this assignment of error, this court found that applicant was

> afforded a full Crim.R. 11 hearing, wherein it was demonstrated that Breznicki entered his plea knowingly, intelligently, and voluntarily, *** Further, the record demonstrates that the trial court afforded Breznicki a full hearing on his motion to withdraw his plea and gave the motion full and fair consideration.

*Breznicki*, 2011-Ohio-697, at ¶ 12. Because this court already found that Breznicki entered his plea knowingly, intelligently, and voluntarily, the doctrine of res judicata bars further consideration of this issue.

**{¶7}** The application for reopening is denied.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
KENNETH A. ROCCO, J., CONCUR