[Cite as *State v. Cotton*, 2017-Ohio-5807.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102581**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SYLVESTER COTTON

DEFENDANT-APPELLANT

**JUDGMENT:**
VACATED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-584941-B

**BEFORE:**    Jones, J., Kilbane, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:**    July 13, 2017

**ATTORNEYS FOR APPELLANT**

Timothy Young
State Public Defender

BY: Francisco E. Luttecke
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Eleina Thomas
            Gregory J. Ochocki
            John E. Jackson
Assistant County Prosecutors
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} This opinion is issued on reopening of this case after this court's first decision in *State v. Cotton*, 8th Dist. Cuyahoga No. 102581, 2015-Ohio-5419, 55 N.E.3d 573. For the reasons that follow, we vacate the aggravated burglary conviction and remand for resentencing.

{¶2} Defendant-appellant Sylvester Cotton and his codefendant, Michael Brooks, were tried in a joint jury trial for numerous crimes associated with the armed robbery of Michael Ewart, Jr.[1] The jury and court convicted the defendants on all the charges, which included convictions for aggravated burglary. Cotton and Brooks were sentenced to prison terms of 78 years and 75 years, respectively. Both defendants appealed, and the cases, although not consolidated, were heard before the same panel of judges.

{¶3} In Cotton's appeal, appellate counsel contended, among other things, that the evidence was insufficient to sustain Cotton's attempted murder and felonious assault convictions. *See Cotton* at ¶ 8-21. We agreed as to one of the attempted murder counts, but disagreed as to the other attempted murder and felonious assault counts and affirmed those convictions. *Id.*

{¶4} In Brooks's appeal, appellate counsel contended, among other things, that the evidence was insufficient to sustain his aggravated burglary conviction. We agreed and sustained his assignment of error relative to that count. *State v. Brooks*, 8th Dist. Cuyahoga No. 102551, 2016-Ohio-489, 56 N.E.3d 357, ¶ 36-41.

---

[1]Both defendants were charged with having weapons while under disability, notices of prior convictions and repeat violent offender specifications, which were tried to the bench.

**{¶5}** Cotton sought to reopen his appeal, contending that his appellate counsel was ineffective by failing to raise the issue of the sufficiency of the aggravated burglary conviction, and we granted his request to reopen. He now presents the following two assignments of error for our review:

> I. Mr. Cotton's aggravated burglary conviction violated his state and federal constitutional rights to due process of law, because the evidence was insufficient to establish all the requisite elements of that offense.

> II. Appellate counsel provided ineffective assistance of counsel when it failed to assert a sufficiency claim regarding the aggravated burglary charge on behalf of Mr. Cotton.

**{¶6}** In order to establish a claim of ineffective assistance of counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). The two-prong analysis in *Strickland* is also the appropriate standard when determining ineffective assistance of appellate counsel. *State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶ 10. To show ineffective assistance of appellate counsel, Cotton must prove that his counsel was "deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal." *State v. Sheppard*, 91 Ohio St.3d 329, 329, 744 N.E.2d 770 (2001).

**{¶7}** Relative to the aggravated burglary, in *Cotton*, we described the facts as follows:

> the victim testified that on the night of April 25, 2014, he returned home to his apartment in the city of Euclid to find three males hiding in the back entrance to his apartment building. Two of the males were later identified

as Cotton and Michael Brooks. The victim testified that all three males were armed with guns and that they demanded the victim's wallet.

*Cotton*, 8th Dist. Cuyahoga No. 102581, 2015-Ohio-5419, 55 N.E.3d 573, at ¶ 3.

**{¶8}** In *Brooks*, because the aggravated burglary conviction was raised, we described the events surrounding the crime in more detail as follows:

> Ewart testified that generally no one could enter his apartment building complex through the front door because it was locked. Therefore, Ewart customarily entered through the back door, which, presumably, was unlocked. Ewart testified that on the evening of the crimes, "I got to the back door, he came out the back; and I saw a guy, and around the back. And he came out the basement with another guy. I saw him around the back." As he was testifying, Ewart was pointing to Brooks and Cotton. Therefore, the assistant prosecuting attorney followed up with questions as to who "he" referred to. Ewart testified that Brooks was the first "he" Ewart referred to, meaning that Brooks was the one who "came out the back."
>
> In reference to Cotton, Ewart testified that "[h]e came around the back. When I was coming in the hallway, but when them two ran out the basement, he came running back, coming out the door. When I turned to the right, I saw him standing there."

*Brooks*, 8th Dist. Cuyahoga No. 102551, 2016-Ohio-489, 56 N.E.3d 357, at ¶ 37-38.

**{¶9}** This court found that the above-mentioned testimony on "exactly where the perpetrators were when Ewart approached the back door [was] minimal and somewhat confusing." *Id.* at ¶ 39. Based on the testimony, this court concluded that although it established that Brooks was, at some point, in the basement of the apartment building, it was not sufficient evidence to sustain an aggravated burglary conviction for the reasons that follow:

> Specifically, there was no testimony that the theft occurred inside the apartment building. The testimony was that the perpetrators were coming out of the building as Ewart approached. Ewart only testified that he was "coming in the hallway"; he never testified that he actually made it into the building, or that the theft occurred inside the building. We are not

persuaded by the state's contention that Ewart testified that he was in the hallway during the encounter. The testimony that the state points to was Ewart's response to the state's questioning of him as to the layout, in general, of the hallway. Ewart never specifically stated, however, that he was in the hallway when he encountered Brooks or that that was where the theft occurred. Thus, the evidence was insufficient to support the aggravated burglary charge.

*Id.* at ¶ 40; *but see* ¶ 52-54 (Stewart, J., dissenting) (citing the assistant prosecuting attorney's description of the perpetrators "standing in the apartment," and noting that

> [a]lthough only the victim's responses to the questions — not the questions themselves — constitute evidence, at no time does the victim correct anything referenced in a question that suggests the burglary took place anywhere but inside of his apartment building (or at least in the doorway of his building).

{¶10} The dissent further contended that even if the evidence was insufficient to prove that the theft took place inside the apartment building, "at a minimum the evidence demonstrated that the armed theft occurred in an occupied structure."

{¶11} For the same reasons that this court articulated in *Brooks*, we likewise find the evidence was insufficient to sustain an aggravated burglary conviction against Cotton and that, under the circumstances presented here, his appellate counsel was ineffective for not raising the issue in his first appeal.

{¶12} Accordingly, we sustain Cotton's two assignments of error, vacate the aggravated burglary conviction, and remand the case to the trial court to issue an amended judgment of conviction with deletion of the aggravated burglary conviction and to resentence Cotton with deletion of that count.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common

pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MARY EILEEN KILBANE, P.J., CONCURS;
MELODY J. STEWART, J., DISSENTS WITH
SEPARATE OPINION

MELODY J. STEWART, J., DISSENTING:

{¶13} Consistent with my dissenting opinion in *State v. Brooks*, 2016-Ohio-489, 56 N.E.3d 357 (8th Dist.), I conclude that the state offered sufficient evidence from which a rational trier of fact could infer that the elements of aggravated burglary were established.

{¶14}  All of the judges on the panel agree that the evidence of where the theft occurred was unclear, but whether it was unclear to us is immaterial to how we review questions regarding the sufficiency of the evidence.  The question is how the jury viewed the evidence and the inferences arising from the testimony.

{¶15} The inferences from the evidence are important:

> a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume — *even if it does not affirmatively appear in the record* — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."

(Emphasis added.)  *Cavazos v. Smith*, 565 U.S. 1, 7, 132 S.Ct. 2, 181 L.Ed.2d 311 (2011), quoting *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

**{¶16}** The majority, as it did in *Brooks*, maintains that the only evidence of where the burglary occurred is based on questions asked by the state that assumed that the theft occurred inside the apartment building. This conclusion disregards the testimony by the victim: "When I was coming in the hallway, but when them two ran out the basement, he came running back, coming out the door. When I turned to the right, I saw him standing there." Parsing these statements shows that the jury could infer the following: the victim was physically entering the apartment building ("coming in the hallway"), saw two men run out of the building ("them two ran out of the basement"), and did not move from where he stood at the door to the apartment ("turned to the right"). From this, the jury could reasonably infer that the theft occurred in the doorway to the apartment building, satisfying the R.C. 2911.11(A) element that an aggravated burglary occur in an occupied structure or "any portion thereof." *See* R.C. 2911.11(C)(1).

**{¶17}** Tellingly, Cotton himself cites the *Brooks* opinion to state that "the *possibility* exists that the entirety of the criminal acts in question occurred outside the apartment building." (Emphasis added.) Appellant's brief at 6, citing *Brooks*, 2016-Ohio-489, 56 N.E.3d 357, at ¶ 40. If it was only "possible" that the crime occurred outside the apartment building, Cotton has not provided a basis for reversal. The evidence is considered "legally sufficient" if, after viewing the evidence most favorably to the state, "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. If, as Cotton indicates, there was some basis for conflict in the record about where the theft occurred, as a reviewing court we must presume that the jury found that the offense occurred at the door of the building

and defer to that finding.