[Cite as *State v. Herbert*, 2024-Ohio-2459.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

HAKEEM C. HERBERT,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 JE 0001**

---

Application to Reopen

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Overruled.

---

*Atty. Jane M. Hanlin,* Jefferson County Prosecutor, for Plaintiff-Appellee (No Response Filed) and

Hakeem C. Herbert, Defendant-Appellant.

Dated: June 26, 2024

**PER CURIAM.**

{¶1} On March 6, 2024, Appellant, Hakeem C. Herbert, filed a timely *pro se* application to re-open his appeal pursuant to App. R. 26(B). The state did not file a response brief. In *State v. Herbert*, 2023-Ohio-4490, 231 N.E.3d 615 (7th Dist.), motion for delayed appeal granted, 173 Ohio St.3d 1455, 2024-Ohio-1386, 231 N.E.3d 1162, we affirmed Appellant's conviction for one count of possession of drugs (methamphetamine in excess of 300 grams) in violation of R.C. 2925.11(A), (C)(1)(e), a felony of the first degree, with a major drug offender specification pursuant to R.C. 2929.01 and a forfeiture specification as to $9,600.

{¶2} In his direct appeal, Appellant argued the trial court erred in overruling his motion to suppress drugs seized as a result of a search conducted by United Postal Service employees, pursuant to the "Right to Inspection" section contained in UPS's "Terms and Conditions of Ground Service." He further argued his conviction was predicated upon insufficient evidence and not supported by the greater weight of the evidence. Next, Appellant alleged the trial court abused its discretion in both the admission of certain testimonial evidence offered by law enforcement officers, as well as the exclusion of the acquittal of Deon'bre Anderson-Bailey (who was likewise charged with possession of drugs for his participation in the events resulting in Appellant's conviction) in a separate trial. Finally, Appellant relied on the foregoing evidentiary challenges to assert an ineffective assistance of counsel claim as well.

{¶3} A criminal defendant seeking to reopen an appeal must satisfy a two-part test. First, the applicant must demonstrate there is a genuine issue whether appellate counsel was deficient for failing to raise the issues presented in the application for reopening. Second, he must show there was a reasonable probability of success on the issue. *State v. Smith*, 95 Ohio St.3d 127, 2002-Ohio-1753, 766 N.E.2d 588, ¶ 7, citing *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998).

{¶4} A criminal defendant may apply for reopening of his direct appeal based on a claim of ineffective assistance of appellate counsel by raising an assignment of error or an argument in support of an assignment of error that previously was not considered on the merits (or that was considered on an incomplete record) because of appellate counsel's deficient representation. App.R. 26(B)(1),(2)(c). Pursuant to the rule, in order

to warrant reopening for further briefing, the application must demonstrate a "genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). If a genuine issue on ineffectiveness is established and further briefing is ordered, then the appellant must fully prove the ineffectiveness of appellate counsel by demonstrating deficient performance and prejudice. App.R. 26(B)(7)-(9).

**{¶5}** The traditional two-pronged test for deficiency and prejudice provides the underlying framework for assessing whether an application raises a genuine issue as to the ineffectiveness of appellate counsel under App.R. 26(B)(5). *State v. Tenace*, 109 Ohio St.3d 451, 2006-Ohio-2987, 849 N.E.2d 1, ¶ 5, applying *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Adams*, 146 Ohio St.3d 232, 2016-Ohio-3043, 54 N.E.3d 1227, ¶ 2. *See also* App.R. 26(B)(2)(d) (requiring a sworn statement on the basis for claiming deficient representation and how the deficiency prejudicially affected the outcome of the appeal). Deficient performance means a serious error in representation that falls below an objective standard of reasonableness. *Strickland*, 466 U.S. 688, 104 S.Ct. 2052 (refrain from second-guessing the strategic decisions of counsel). In assessing the alleged deficiency, a reviewing court defers to counsel's judgment and presumes the contested conduct was within the wide range of reasonable representation. *Tenace,* at ¶ 7. Prejudice exists if there is a reasonable probability the result of the proceedings would have been different in the absence of the alleged deficiency. *Id.* at ¶ 5. A reasonable probability is more than "some conceivable effect on the outcome of the proceeding." *Strickland*, at 693; *State v. Carter*, 72 Ohio St.3d 545, 558, 651 N.E.2d 965 (1995) (counsel's lacking performance caused unreliable results or fundamental unfairness).

**{¶6}** More specifically to the first stage in App.R. 26(B), for the applicant "to justify reopening his appeal" for further briefing, he must meet "the burden of establishing there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *Tenace*, at ¶ 6, quoting *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998). *See also State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶ 11. A reopening applicant must keep in mind the following principle: "appellate counsel need not raise every possible issue in order to render constitutionally effective assistance." *Tenace*, at ¶ 7, citing *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct.

3308, 77 L.Ed.2d 987 (1983) and *State v. Sanders*, 94 Ohio St.3d 150, 151-152, 761 N.E.2d 18 (2002).

{¶7} "An error-free, perfect trial does not exist, and is not guaranteed by the Constitution." *State v. Italiano*, 7th Dist. Mahoning No. 19 MA 0095, 2021-Ohio-1283, ¶ 35, citing *State v. Hill*, 75 Ohio St.3d 195, 212, 661 N.E.2d 1068 (1996). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues, to avoid diluting the force of stronger arguments." *Jones*, at 751-752. In other words, constitutionally effective appellate counsel need not raise every argument a client wishes to present, and making choices on the omission of every potential or requested appellate argument is a strategic decision used to avoid diluting the strength of stronger arguments. *Id.* at 751-752.

{¶8} Appellant advances six assignments of error in his Rule 26(B) application. He addresses each of the six assignments as well as an additional ground for relief in a thirty-eight-paragraph pleading, captioned "Affidavit of Truth," filed in support of the application.

{¶9} The additional ground based on prosecutorial misconduct during closing argument is advanced in paragraph 36, which simply contains fragmented excerpts from the state's closing argument regarding the testimony of Courtney Pipo. Appellant appears to object to the state's discussion of Pipo's testimony regarding a videotaped jail call from Appellant to Pipo, in which Pipo stated that the neighbors who live in the residence next to Appellant on Claire Avenue "want drugs." He further objects to the state's discussion of Appellant's statement that he wished the investigating officers had daughters so he could "get them pregnant."

{¶10} However, appellate counsel argued in the direct appeal that the admission of the foregoing statements was prejudicial, rather than that the state engaged in prosecutorial misconduct for discussing the statement during closing argument. We rejected the argument that the admission of the foregoing statements resulted in outcome-determinative prejudice. Insofar as appellate counsel challenged the admission of the statements at issue in paragraph 36 of Appellant's affidavit in the direct appeal, we

find appellate counsel's failure to challenge the state's recapitulation of the statements in its closing argument does not constitute deficient performance.

## ASSIGNMENT OF ERROR NO. 1

**[APPELLANT] WAS DENIED A FAIR TRIAL, AND DUE PROCESS UNDER U.S. CONSTITUTION AMENDMENT V, VI, AND XIV, AND OHIO CONST. ART. I, §1, §10 AND §16 DUE TO PROSECUTORIAL MISCONDUCT.**

**{¶11}** In his first assignment of error, Appellant contends his conviction is predicated upon "false evidence, false testimony, and perjured testimony." (Application at p. 2.) Appellant cites alleged inconsistencies between the trial testimony of Steubenville Police Department Detective and Jefferson County Drug Task Force member Thomas Ellis ("Detective Ellis") and his testimony at the preliminary hearing and suppression hearing of Anderson-Bailey in a separately-filed case. The following facts taken from the direct appeal are relevant to the resolution of the first assignment of error:

> Appellant's conviction was the result of an investigation into the import and trafficking of drugs in Jefferson County conducted by the Jefferson County Drug Task Force ("JCDTF"). The investigation began in April of 2021, when United States Postal Service Inspector Byron Green ("Green") identified two suspicious packages being shipped from California to Steubenville, Ohio, which did not include a proper name with the sender's address or the recipient's address. The recipient's address – 1096 Claire Avenue – was owned by Appellant.
>
> Green employed a drug-sniffing dog, and the dog alerted to the presence of narcotics in both packages. Based on that alert, a search warrant was issued. Upon opening the packages, Green discovered plastic-wrapped bundles of methamphetamine surrounded by dryer sheets and bubble wrap. The packages contained 2,162.3 grams and 1,783.7 grams respectively of methamphetamine. A mobile telephone registered to Kathy Herbert,

Appellant's mother, tracked the packages through UPS's tracking service. Ultimately, the packages were seized and provided the basis for count two of the amended indictment, attempted possession of drugs, for which Appellant was acquitted at trial.

Roughly four months later on August 18, 2021, Cassandra Williams ("Williams"), who is employed by UPS as security personnel, telephoned Belmont County Sheriff's Office Deputy Dustin Hilderbrand ("Deputy Hilderbrand"), to report the receipt by UPS of two suspicious packages. Deputy Hilderbrand was off-duty, and as the UPS facility is outside of the jurisdiction of the Belmont County Sheriff's Department, Hilderbrand contacted [Detective Ellis.]

Relevant to the above-captioned appeal, the sender of one of the packages was identified as "George Millan" with a return address in California. The recipient of the package was "Lewis Harris" at "1112 Park Street" in Steubenville, Ohio. UPS's computer system flagged the package due to previous illegal activity at the delivery address.

Williams testified that she was in transit between the Mansfield, Ohio facility and the Brilliant, Ohio facility where the suspicious package was located, when UPS personnel in Brilliant opened the exterior packaging at 9:26 a.m. UPS employees in Brilliant sent photographs of the package to Williams via her mobile telephone and informed her the contents of the package were "heavily wrapped." Williams instructed the UPS employees to "stop the progress" so she could "contact the law." (11/9/21 Hrg. Tr., p. 26.)

The UPS employees opened the package pursuant to a customer waiver in UPS's "Terms and Conditions of Ground Service." The relevant section, captioned "Right of Inspection," reads "UPS reserves the right to open and inspect any package tendered to it for transportation." (*Id.* at p. 27.)

Detective Ellis arrived at the UPS facility in Brilliant, then waited for Williams to arrive. When Williams arrived, she asked Detective Ellis, "[i]n front of us, can you please open [the interior packaging]." At the hearing on the motion to suppress, Williams explained, "[b]ecause at that point, [I am] not trained to – on that type of – of what to expect. I [did not] know if it was fentanyl. I just [did not] know what was in that package." (*Id.* at p. 29.) Williams further testified she was not trained to handle fentanyl.

The state inquired, "[s]o your request – at that point, the box has been opened by UPS officials – is to ask the officer to go ahead and remove the rest of what is covering [the contents]?" Williams responded, "Yes."

Detective Ellis testified the inner packaging was "pretty thick" and "it took a while to get through." (*Id.* at p. 71.) According to Detective Ellis, the contents were heavily wrapped with plastic wrap, on which there was an oily substance. Inside the plastic wrap, the contents were in a blue tote, surrounded by packing peanuts. Detective Ellis opined the oily substance was intended to deter a drug-sniffing dog.

Detective Ellis further testified that "once [he] was able to get through the [inner] packaging, [he] made an incision into the package where [he] observed – it was a compacted, hard, rock crystallized substance." The substance field-tested positive for methamphetamine.

*Herbert, supra,* ¶ 3-12. According to a copy of the transcript of the hearing on Anderson-Bailey's motion to suppress attached to the Rule 26(B) application, Ellis testified, "[b]efore I arrived [at the UPS facility], UPS personnel had it open already, and then I believe it was resealed and we reopened it." (TDAMTS, p. 16.) Appellant also cites Ellis's testimony at Anderson-Bailey's preliminary hearing and trial to demonstrate that it deviated from Ellis's trial testimony.

{¶12} In the direct appeal, we opined that Appellant did not have a subjective expectation of privacy in the package at issue because he was neither the identified sender or recipient. Even assuming arguendo Appellant had standing to challenge the

search, we held that law enforcement was merely assisting Williams, a private citizen, who had no training with respect to handling fentanyl.

**{¶13}** In Appellant's first assignment of error, rather than challenging the search, he contends that his conviction was based on false testimony regarding the search. However, Appellant's argument is based on evidence outside of the record, that is, transcripts from Anderson-Bailey's preliminary hearing and from the hearing on his motion to suppress. "A direct appeal is not the proper forum in which to raise errors that depend on evidence outside of the record." *State v. Lyons*, 7th Dist. Belmont No. 14 BE 28, 2015-Ohio-3325, ¶ 1. Accordingly, we find appellate counsel's failure to raise the issue did not constitute deficient performance as we may not consider evidence outside the record in a direct appeal.

**{¶14}** Next, Appellant argues the search warrant for the drugs, which was executed after the private search, was founded on false information. As we determined in the direct appeal that Appellant was without standing to challenge the search, or in the alternative, the search conducted by a private citizen, we decline to consider Appellant's argument regarding the search warrant.

**{¶15}** Third, Appellant contends his conviction was based on false information due to Detective Ellis's inconsistent testimony regarding the amount of drugs seized by law enforcement. However, appellate counsel raised the same argument in Appellant's direct appeal, where we concluded the deviation in amount was not prejudicial to the extent that Detective Ellis's testimony regarding the seized drugs always exceeded the amount charged in the indictment.

**{¶16}** Finally, Appellant cites a form completed by Detective Ellis, captioned "Package Confiscated by Law Enforcement," to demonstrate that his conviction was based on false testimony. The form relates to a package seized at 1204 Madison Avenue in Toronto, Ohio. However, at Appellant's suppression hearing, the state conceded its error in attaching the errant form, and Detective Ellis warranted that the same form was completed for the property seized in this case. (11/9/2021 Suppression Hrg., p. 36-37.) Therefore, we find the state's error was not material to Appellant's conviction and appellate counsel's failure to raise the issue in the direct appeal did not constitute deficient performance.

{¶17} Having considered the foregoing arguments, we find Appellant has failed to demonstrate a genuine issue as to whether he has a colorable claim of ineffective assistance of counsel on appeal based on his argument that his conviction is predicated upon false evidence, false testimony, and perjured testimony. Therefore, his first assignment of error has no merit.

## ASSIGNMENT OF ERROR NO. 2

**APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO COMPLY [WITH] APP. R. 12 IN PRESENTING ALL THE FACTS AND RELEVANT CHALLENGES RAISED AT THE SUPPRESSION HEARING AND FOR FAILING TO CHALLENGE THE TRIAL COURT['S] FINDING OF FACT AT THE SUPPRESSION HEARING THAT WERE [SIC] NOT SUPPORTED BY EVIDENCE, FACTS AND RELEVANT TESTIMONY AT THE SUPPRESSION HEARING THAT VIOLATED [APPELLANT'S] FOURTH AMENDMENT RIGHT AND FUNDAMENTAL RIGHT TO PERSONAL SECURITY.**

{¶18} In his second assignment of error, Appellant argues his appellate counsel failed to include "all of the relevant facts and all of the relevant challenges made at the suppression hearing or the citations to legal authorities." (Application at p. 6.) Appellant argues, "[a]ppellate counsel failed to challenge the trial courts [sic] finding that the package was already opened before [Detective] Ellis arrived, sometime before 9:26 a.m., and powder was discovered in the plastic bag with other packaging. No one at the suppression hearing testified that anything whatsoever was discovered by the UPS employee before 9:26 a.m. or anytime prior to detective[sic] Ellis opening the package." (Application, p. 6-7.)

{¶19} As we determined in the direct appeal that Appellant was without standing to challenge the search, or in the alternative, the search was conducted by a private citizen, we decline to consider Appellant's argument regarding the search warrant. Accordingly, we find Appellant has failed to demonstrate a genuine issue as to whether

he has a colorable claim of ineffective assistance of counsel on appeal and his second assignment of error has no merit.

## ASSIGNMENT OF ERROR NO. 3

**APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO TRIAL COUNSEL'S INEFFECTIVENESS [SIC] FOR FAILING TO MAKE A BRADY VIOLATION OR CHALLENGE AT THE SUPPRESSION HEARING THAT THERE WAS NO SEARCH WARRANT EVER PRODUCED TO SEIZE [APPELLANT'S] CELL PHONE. [APPELLANT] WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE COUNSEL AND HIS RIGHT TO A FAIR TRIAL, AND DUE PROCESS UNDER U.S. CONSTITUTION AMENDMENT V, VI, AND XIV, AND OHIO CONST. ART I, §1, §10 AND 16.**

{¶20} In Appellant's third assignment of error, he argues his mobile telephone was illegally seized as no search warrant was ever produced, despite a specific discovery request for "tangible objects * * * which are material to the preparation of the defense in this case or which are intended for use by the Prosecuting Attorney as evidence at trial, or which were obtained from or belonging to the Defendant." (2/7/22 Request for Discovery, p. 1.)  Appellant does not contend he was denied access to the contents of the mobile telephone, only that no search warrant was produced. The state's answer to the discovery demand plainly states a "[f]lash drive containing downloaded information from [Appellant's] phone" was produced in discovery.   Insofar as Appellant has failed to offer evidence in the record supporting his claim that his mobile telephone was seized without a search warrant, we find Appellant has failed to demonstrate a genuine issue as to whether he has a colorable claim of ineffective assistance of counsel on appeal and his third assignment of error has no merit.

## ASSIGNMENT OF ERROR NO. 4

**[APPELLANT] WAS DENIED HIS RIGHT TO PRESENT A COMPLETE DEFENSE, FAIR TRIAL, DUE PROCESS RIGHTS AND EQUAL**

Case No. 23 JE 0001

**PROTECTION OF LAW PROCESS UNDER U.S. CONSTITUTION AMENDMENT V, VI, AND XIV, AND OHIO CONST. ART I, §1, §10 AND 16, WHEN THE TRIAL COURT IMPROPERLY INVADED THE JURY'S FACT-FINDING FUNCTION.**

{¶21} In his fourth assignment of error, Appellant argues that the trial court should have admitted Anderson-Bailey's acquittal in a separate trial into evidence. The following facts are relevant to the fourth assignment of error:

Williams telephoned Deputy Hilderbrand, who traveled to the UPS facility. Deputy Hilderbrand conducted a search for the recipient's name in the Accurint database and found no results. Ellis did a search for the recipient's name and address in the local Steubenville Police Department database, which likewise returned no results. As a consequence, Detective Ellis and Deputy Hilderbrand decided to perform a controlled delivery of the package.

At this point, Detective Ellis took possession of the package and transported it to the Drug Task Force office. Once there, Detective Ellis, Deputy Hilderbrand, and JCDTF officers removed the majority of the presumptive methamphetamine (3,988.01 grams +/- .10 grams according to a lab report admitted at trial) and substituted it with rock salt, to prevent the replaced portion of the presumptive drug from being released into the public if the package was lost during the controlled delivery. The combination of rock salt and 440.88 grams +/- .10 grams of methamphetamine were then repackaged in the box to resemble the original package. A GPS monitor was placed in the box. Hilderbrand donned a UPS delivery uniform and delivered the package to the front porch of 1112 Park Street.

JCDTF officers conducted surveillance directly across the street from 1112 Park Street and after fifteen or twenty minutes, a black Honda arrived in front of the residence. The passenger, later identified as co-defendant Deon'bre Anderson-Bailey, retrieved the package from the porch. JCDTF officers then followed the vehicle from 1112 Park Street to 1300 Oregon

Avenue, where Appellant, who was driving the automobile, exited the vehicle and entered the residence. Shortly thereafter, Anderson-Bailey, with the package in hand, exited the vehicle and entered the residence.

Appellant was in his early thirties during the commission of the crime. Anderson-Bailey was nineteen years of age. Detective Ellis testified that it is "very common" in the illegal drug trade for a drug dealer to relegate the actual handling of the product to a younger associate. (Trial Tr., p. 330.) Detective Jason Turner provided similar testimony, explaining "if we stop a vehicle, usually, the younger adults or younger person in the vehicle is usually handed stuff by the older individual. They know [they are] getting lesser time or they [will not] get in as much trouble." (Id., p. 385.)

Approximately five to eight minutes later, law enforcement breached the door of 1300 Oregon Avenue. Anderson-Bailey *622 and Appellant were both detained. Detective Ellis observed the exterior box open on a dining room table. Upon examination, Detective Ellis observed the methamphetamine and rock salt were no longer in the exterior box and the GPS monitor was on a coffee stand next to the dining room table.

The methamphetamine and rock salt were found in the back yard, having been discarded through a bathroom window. Neither Detective Ellis nor Detective Turner saw Appellant with the package in his actual possession during their surveillance. The package of methamphetamine is the basis for count one of the amended indictment, for which Appellant was found guilty.

*Herbert, supra,* ¶ 13-18.

**{¶22}** Defense counsel argued at trial that Anderson-Bailey's acquittal should be admitted at trial insofar as the state's case predicated Appellant's constructive possession of the drugs on Anderson-Bailey's actual possession. Appellate counsel raised the issue on appeal and we opined:

A "co-defendant's acquittal cannot be used as evidence of an accused's innocence." *State v. Hinzman*, 8th Dist. Cuyahoga No. 92767, 2010-Ohio-771, 2010 WL 728083, ¶ 27, citing *State v. Tutt*, 12th Dist. Warren No. CA85-09-056, 1986 WL 4506 (Apr. 12, 1986). "A codefendant's conviction can no more be used as evidence against an accused as a codefendant's acquittal could be used by the accused as evidence of his innocence." *Tutt* at *8 (finding co-defendant's acquittal irrelevant and inadmissible under Evid.R. 402).

Of equal import in this case, the evidence connecting Appellant to the methamphetamine, that is, the UPS receipt on his mobile telephone, his possession of Patrick Lee Thomas's California ID card, and his post-arrest communications with Pipo, does not implicate Anderson-Bailey. As a consequence, we find Appellant and Anderson-Bailey are not similarly-situated rendering Anderson-Bailey's acquittal irrelevant and inadmissible.

*Id.* at ¶ 79-80.

**{¶23}** As appellate counsel challenged the trial court's failure to admit evidence of Anderson-Bailey's acquittal in the direct appeal, we find Appellant has failed to demonstrate a genuine issue as to whether he has a colorable claim of ineffective assistance of counsel on appeal. Accordingly, his fourth assignment of error has no merit.

## ASSIGNMENT OF ERROR NO. 5

**APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE A STRUCTURAL ERROR AND CHALLENGE THE TRIAL COURTS [SIC] ABUSE OF DISCRETION WHEN IT OVERRULED RETAINED COUNSEL'S MOTION TO WITHDRAW IN VIOLATION OF [APPELLANT'S] SIXTH AMENDMENT [SIC] RIGHT TO EFFECTIVE COUNSEL AND HIS RIGHT TO A FAIR TRIAL, AND DUE PROCESS UNDER U.S. CONSTITUTION AMENDMENT V, VI, AND XIV, AND OHIO CONST. ART I, §1, §10 AND 16.**

**{¶24}** In his fifth assignment of error, Appellant cites *State v. Chambliss*, 128 Ohio St.3d 507, 2011-Ohio-1785, 947 N.E.2d 651, for the proposition that he has a constitutional right to his choice of counsel. However, *Chambliss* stands for the proposition that the denial of retained counsel is a final, appealable order, subject to an interlocutory appeal. The *Chambliss* Court plainly states, "[t]he merits of the trial court's decision in removing retained counsel of choice in this case are not before us." *Id.* at ¶ 2.

**{¶25}** Moreover, *Chambliss* relies in part on the U.S. Supreme Court's decision in *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152, 126 S.Ct. 2557, 165 L.Ed.2d 409, (finding the denial of a defendant's right to counsel of choice constitutes structural error affecting the framework of the trial). *Gonzalez-Lopez* emphasizes that its holding does not detract from a court's "wide latitude in balancing the right to counsel of choice against the needs of fairness * * * and against the demands of its calendar * * *." *Id.* Instead, trial courts continue to have the authority to limit a defendant's right to counsel of choice when faced with a belated request to change attorneys. *Id.* at 152 citing *Morris v. Slappy*, 461 U.S. 1, 13, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983).

**{¶26}** Turning to the facts in this case, on September 8, 2022, retained defense counsel (Wesley C. Buchanan and Tony Dalayanis) filed a motion to withdraw, based on counsel's representation that Appellant had "terminated the attorney client relationship." (9/8/22 Mot. at p. 1.) Trial was scheduled for October 6, 2022. A hearing on the motion was held on September 16, 2022. That same day the motion was overruled.

**{¶27}** Buchanan and Dalayanis were Appellant's third defense counsel. Dennis W. McNamara, Appellant's original retained counsel was permitted to withdraw on January 28, 2022, after Appellant reported him to the Disciplinary Counsel and stopped paying his fees. The trial court then appointed counsel for Appellant, however appointed counsel withdrew on April 28, 2022, when Appellant retained Buchanan and Dalayanis.

**{¶28}** The transcript of the hearing on the motion to withdraw as counsel is not in the record. In the absence of a transcript, we presume the regularity of the proceedings. *State v. Perkins*, 7th Dist. Mahoning No. 21 MA 0073, 2022-Ohio-2841, ¶ 42, appeal not allowed, 168 Ohio St.3d 1471, 2022-Ohio-4380, 199 N.E.3d 555, ¶ 42, citing *Forman v. Kreps*, 7th Dist. Mahoning Nos. 13 MA 0177, 14 MA 0031, 2016-Ohio-1604, ¶ 36. Accordingly, we find Appellant has failed to demonstrate a genuine issue as to whether

he has a colorable claim of ineffective assistance of counsel on appeal and Appellant's sixth assignment of error has no merit.

## CONCLUSION

{¶29} For the foregoing reasons, Appellant's Rule 26(B) application to reopen is overruled and we confirm our prior judgment. App. R. 26(B)(9).

**JUDGE KATELYN DICKEY**

**JUDGE CHERYL L. WAITE**

**JUDGE MARK A. HANNI**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

Case No. 23 JE 0001