[Cite as *State v. Hudson*, 2019-Ohio-1071.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 18AP-625 |
| | | (C.P.C. No. 04CR-3204) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Michael D. Hudson, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 26, 2019

**On brief**: *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief**: *Michael D. Hudson*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Michael D. Hudson, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas in which the court denied his motion to vacate and release from post-release control ("PRC").

{¶ 2} The underlying facts of the crime for which appellant was convicted are irrelevant to the issues on appeal. In March 2006, a jury convicted appellant on the charges of kidnapping and burglary with a gun specification. The court sentenced appellant to 10 years on the kidnapping count, 8 years on the burglary count, and 1 year on the gun specification, for a total sentence of 19 years. The court also imposed a mandatory 5-year PRC term. Appellant appealed, and in *State v. Hudson*, 10th Dist. No. 06AP-335, 2007-Ohio-3227, this court affirmed the trial court. Appellant did not raise the

issue of PRC in *Hudson.* Appellant appealed to the Supreme Court of Ohio, but the court declined jurisdiction.

{¶ 3}   On September 24, 2007, appellant filed an application for reopening, which this court denied. On July 16, 2008, appellant filed a motion for relief from judgment, which this court denied.

{¶ 4}   On April 13, 2011, appellant filed a motion for resentencing, which the trial court denied on August 7, 2012. On August 21, 2012, appellant filed a motion to correct void sentence, which the trial court denied.

{¶ 5}   On June 20, 2018, appellant filed a motion to vacate and release from PRC which is the subject of the present appeal. On July 18, 2018, the trial court denied the motion. The court construed the motion as a petition for post-conviction relief and found: (1) it lacked authority to modify the sentence it validly imposed, (2) the claims are barred by res judicata, and (3) the claims are meritless. Appellant has appealed the judgment of the trial court. Although appellant's assignments of error and arguments are combined, we distill from his brief the following assignments of error which are quoted verbatim:

> [I.] The trial Court failed to include every element and consequence in it's Judgment Entry of March 23, 2006 (see; attachment #1), nor is the required statutorily mandated term/years of/for violating the condition of PRC. Appellant was not properly informed of the consequences that he faced for the violation of the terms of PRC.
>
> [II.] The trial court's failure to properly advise Appellant of PRC before July 11, 2016. In which case, a De Novo hearing is the proper remedy[.]
>
> [III.] Appellant's prison sentence has elapsed for which PRC was attached (the F-1, Kidnapping, ten (10) year portion of Appellant's/defendant sentence). Therefore the PRC is now void and Appellant must be released from the defective portion of defendant's sentence.
>
> [IV.] The Trial Court erred in denying Appellant's Motion to Vacate and Release from PRC.
>
> [V.] The trial Courts failure to state in it's Journal Entry, which crime Appellant is subject to five (5) years PRC on, when Appellant was convicted of both a felony 1 (kidnapping) and a felony 2 (Burglary).

{¶ 6} We address appellant's first and fourth assignments of error together, as they both generally raise the same argument the trial court erred when it denied his motion to vacate and release from PRC because the original sentencing court failed to properly incorporate PRC into the sentencing entry.

{¶ 7} "[A] trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 23. In addition to providing the required notification at the sentencing hearing, the trial court must "incorporate postrelease control into its sentencing entry, which thereby empowers the executive branch of government to exercise its discretion" in administering PRC. *Id.* at ¶ 22. In order for a sentencing entry to be "minimally compliant" it "must provide the [Adult Parole Authority] the information it needs to execute the postrelease-control portion of the sentence." *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, ¶ 13. Accordingly, the Supreme Court has found that, in order to "validly impose postrelease control when the court orally provides all the required advisements at the sentencing hearing," the sentencing entry must contain the following information: "(1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute." *Id.* at ¶ 1.

{¶ 8} In the present case, appellant does not contest the oral PRC notification at the sentencing hearing. Appellant's only argument concerns whether the trial court's judgment entry sufficiently incorporated notice of PRC. The judgment entry here provided:

> After the imposition of sentence, the Court notified the Defendant orally and in writing, that the applicable period of post-release control pursuant to R.C. 2929.19(B)(3)(c), (d), and (e) is Five years - Mandatory.

{¶ 9} Appellant does not question whether the sentencing entry properly informed him of the first two requirements set forth in *Grimes* but only contends the sentencing entry did not comply with the third requirement that the entry contain a statement to the effect that the APA will administer the PRC, pursuant to R.C. 2967.28,

and any violation by the offender of the conditions of PRC will subject him to the consequences set forth in that statute.

{¶ 10} In *Grimes*, the Supreme Court found the following statement in the sentencing entry properly incorporated notice of post-release control:

> The Court further notified the Defendant that **"Post Release Control"** is **mandatory** in this case for **three (03) years** as well as the consequences for violating conditions of post release control imposed by Parole Board under Revised Code § 2967.28. The Defendant is ordered to serve as part of this sentence any term for violation of that post release control.

(Emphasis sic.) *Grimes* at ¶ 2, quoting sentencing entry. With respect to the third requirement set forth in *Grimes*, the court explained the sentencing entry "met the statutory threshold for imposing a valid post-release-control sentence" because "[b]y referring to R.C. 2967.28, the trial court's entry empowered Grimes and other readers to consult the statute and determine what consequences the APA could impose for any violation of the conditions of postrelease control." *Id.* at ¶ 19.

{¶ 11} In *State v. Harper*, 10th Dist. No. 17AP-762, 2018-Ohio-2529, this court compared the language in the sentencing entry in that case to the language of the sentencing entry in *Grimes*. In *Harper*, the sentencing entry provided, " '[t]he Court also notified the Defendant of the applicable period of **3 years mandatory post-release control** pursuant to R.C. 2929.19(B)(3)(c), (d) and (e).' " (Emphasis sic.)  We concluded in *Harper* that the reference alone to "R.C. 2929.19(B)(3)(c), (d) and (e)" was insufficient to minimally set forth the consequences of violating PRC. We found the trial court's entry did not at all mention the consequences of violating the terms of PRC and did not cite the statute that establishes the consequences for violation, R.C. 2967.28. We also noted that the reference to R.C. 2929.19(B)(3)(c), (d), and (e) was insufficient to comply with the third requirement in *Grimes*, even though R.C. 2929.19 includes references to supervision pursuant to R.C. 2967.28.

{¶ 12} The language in the judgment entry in the present case is substantially similar to the language used in the judgment entry we found insufficient in *Harper*. Like in *Harper*, the sentencing entry here does not mention the consequences of violating the terms of PRC and does not cite the statute that establishes the consequences for a violation, R.C. 2967.28. Furthermore, as we found in *Harper*, the reference to R.C.

2929.19(B)(3)(c), (d), and (e) was also insufficient to comply with the third requirement in *Grimes*. Therefore, consistent with our precedent in *Harper*, we find the sentencing entry here does not properly set forth the consequences of violating PRC in that it does not include a statement to the effect the APA will administer the PRC, pursuant to R.C. 2967.28, and that any violation by the offender of the conditions of PRC will subject the offender to the consequences set forth in that statute, in contravention of the third requirement in *Grimes*.

{¶ 13} We note plaintiff-appellee, the State of Ohio, argues *Grimes* was decided over 11 years after sentencing in this case, and should not apply retroactively. However, we rejected this argument in *Harper*, finding that "the Supreme Court has * * * embraced a view that a failure to properly impose post-release control renders a sentence void in relevant part and therefore open to challenge at any time, irrespective of finality or other principles of res judicata." *Id.* at ¶ 15, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraphs one and two of the syllabus. Thus, we concluded in *Harper*, "for this limited purpose, finality and res judicata do not bar relief * * * under *Grimes*." *Id.* Therefore, consistent with our precedent in *Harper*, we find *Grimes* applies retroactively to the present case. For these reasons, we sustain appellant's first and fourth assignments of error.

{¶ 14} Appellant argues in his second and third assignments of error that because he has finished serving his prison term for a portion of his sentence—kidnapping—the trial court cannot correct the entry to properly impose PRC. The state claims that, as of its appellate briefing, appellant was still serving his sentence for kidnapping, the sentence for which would not be completed until January 25, 2019, which has now passed. Nevertheless, we addressed appellant's argument in *Harper*. In that case, the defendant argued that, having completed his original prison term, PRC may not be reimposed and he must be released from PRC or from confinement for violation of it. We acknowledged that the Supreme Court has recognized that " 'unless a sentencing entry that did not include notification of the imposition of postrelease control is corrected before the defendant completed the prison term for the offense for which postrelease control was to be imposed, postrelease control cannot be imposed.' " *Id.* at ¶ 16, quoting *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 16, citing *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, ¶ 28-30. However, we noted that the principle from *Qualls* is based on

the case where PRC was not imposed at all in the entry and no notification was given. We found that, in the defendant's case, a mandatory three-year term of PRC was duly imposed, and he received repeated notices both in writing and orally about the terms of PRC, with the only problem being the sentencing entry failed to mention the necessary consequences of violating PRC. Instead, we followed *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, and found that, although the imposition of PRC in the judgment entry was defective under *Grimes*, it stated enough information (length and mandatory nature of the PRC term) to impose PRC and permit the APA to begin administering it after he completed his original prison term. As a consequence, the defendant remained validly under sentence, even though it may not have been perfectly imposed. We concluded that releasing the defendant was not warranted under the circumstances, and the appropriate remedy was that a nunc pro tunc entry be issued correcting the deficiency in the judgment entry as defined in *Grimes*. Applying the above analyses from *Harper* to the present case, we find the appropriate remedy here is for the trial court to issue a nunc pro tunc entry correcting the deficiency in the judgment entry as defined in *Grimes*. For these reasons, we overrule appellant's second and third assignments of error.

{¶ 15} As for appellant's fifth assignment of error, given our above findings, we render it moot.

{¶ 16} Accordingly, appellant's first and fourth assignments of error are sustained, his second and third assignments of error are overruled, and his fifth assignment of error is rendered moot. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and we remand the matter to that court to correct appellant's judgment entry nunc pro tunc.

*Judgment affirmed and reversed in part; cause remanded.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

_____