[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Hudson*, Slip Opinion No. 2020-Ohio-3849.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-3849

THE STATE OF OHIO, APPELLEE, *v.* HUDSON, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Hudson*, Slip Opinion No. 2020-Ohio-3849.]

*Criminal law—Postrelease control—A trial court may correct failure to include notice of consequences of violating postrelease control in sentencing entry after offender has served prison term imposed in sentence—Appellant's argument that trial court failed to properly impose postrelease control could have been raised on appeal and is therefore barred by doctrine of res judicata—Court of appeals' judgment reversed to extent it remanded case to trial court to correct entry imposing postrelease control.*

(No. 2019-0646—Submitted April 28, 2020—Decided July 30, 2020.)

APPEAL from the Court of Appeals for Franklin County,

No. 18AP-625, 2019-Ohio-1071.

_____

**KENNEDY, J.**

{¶ 1} In this discretionary appeal from the Tenth District Court of Appeals, we are asked to consider whether a trial court may correct the failure to include notice of the consequences of violating postrelease control in the sentencing entry after the offender has served the prison term imposed in the sentence. In *State v. Grimes*, we held that a trial court does not properly impose postrelease control if the sentencing entry does not notify the offender that any violation of the conditions of postrelease control will subject the offender to the consequences for a violation provided in R.C. 2967.28. 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 1. Relying on *Grimes*, appellant, Michael D. Hudson, maintains that his sentencing entry lacks that notice, that the sentence cannot be corrected to add it now that he has fully served the prison term to which postrelease control attached, and that he therefore cannot be subjected to postrelease control.

{¶ 2} Subsequent to briefing and oral argument in this case, we decided *State v. Harper* and overruled our prior caselaw holding that a trial court's failure to properly impose postrelease control renders that part of the sentence void. ___ Ohio St.3d ___, 2020-Ohio-2913, ___N.E.3d ___, ¶ 5, 40. We therefore held that the failure to include notice of the consequences of violating postrelease control as required by *Grimes* renders the sentence voidable, not void, and subject to the doctrine of res judicata. *Id*. at ¶ 41.

{¶ 3} In this case, as in *Harper*, the sentencing entry did not include notice of the consequences of violating postrelease control, but that failure does not render any part of the sentence void.

{¶ 4} We therefore reverse the court of appeals' judgment to the extent that it remanded this case to the trial court for further proceedings to correct the entry imposing postrelease control.

**History of the Underlying Criminal Convictions**

{¶ 5} In May 2004, the Franklin County Grand Jury returned an indictment charging Hudson with multiple counts of aggravated murder, aggravated burglary, and having a weapon while under a disability and single counts of aggravated robbery, felonious assault, kidnapping, tampering with evidence, and intimidation in connection with the killing of Garfield Commissiong. In March 2006, a jury found Hudson guilty of kidnapping and an amended count of burglary, which carried a firearm specification. The jury acquitted him of aggravated murder, murder as a lesser included offense of aggravated murder, aggravated robbery, tampering with evidence, and intimidation, and the remaining counts were dismissed.

{¶ 6} The trial court sentenced Hudson to ten years in prison for kidnapping, eight years for burglary, and one year for the firearm specification, along with a mandatory five-year term of postrelease control, all to be served consecutively. Although it notified him of the potential consequences of violating postrelease control at the sentencing hearing and in a separate document, the trial court did not include that notice in the sentencing entry.

{¶ 7} The Tenth District Court of Appeals affirmed Hudson's convictions and sentence on direct appeal. 10th Dist. Franklin No. 06AP-335, 2007-Ohio-3227. We declined review. 115 Ohio St.3d 1444, 2007-Ohio-5567, 875 N.E.2d 104.

**Procedural Posture of this Case**

{¶ 8} In June 2018, more than a decade after the court of appeals affirmed his convictions and sentence, Hudson filed a "motion to vacate and release from post-release control," asserting that the trial court had failed to properly impose postrelease control and that part of his sentence was void. The trial court denied the motion.

{¶ 9} On appeal, the Tenth District Court of Appeals affirmed in part and reversed in part. Relying on *Grimes* and its decision in *State v. Harper*, 10th Dist.

Franklin No. 17AP-762, 2018-Ohio-2529, the appellate court concluded that Hudson's sentencing entry had not properly imposed postrelease control, because the trial court had not incorporated notice of the consequences of a violation into the sentencing entry. 2019-Ohio-1071, ¶ 12. The appellate court rejected the state's argument that *Grimes* did not apply retroactively, explaining that the failure to properly impose postrelease control rendered the sentence void in part and subject to attack at any time. *Id*. at ¶ 13. It then remanded the case to the trial court, *id*. at ¶ 16, "to issue a nunc pro tunc entry correcting the deficiency in the judgment entry as defined in *Grimes*," *id*. at ¶ 14.

{¶ 10} Hudson appealed, and we accepted one proposition of law for review: "Once the underlying prison term has been fully served, a trial court cannot correct the complete failure to reference the consequences for violating postrelease control in the judgment entry of sentence." *See* 156 Ohio St.3d 1452, 2019-Ohio-2780, 125 N.E.3d 947. To resolve the issue before us, we do not need to consider whether Hudson has fully served the sentence that included postrelease control, because as we will explain below, this collateral attack on his sentence is barred by res judicata.

**Law and Analysis**

{¶ 11} The traditional rule long followed in Ohio is that a void judgment is one entered by a court lacking subject-matter jurisdiction over the case or personal jurisdiction over the parties. *See Harper*, ___ Ohio St.3d ___, 2020-Ohio-2913, ___N.E.3d ___, at ¶ 4; *State v. Perry*, 10 Ohio St.2d 175, 178, 226 N.E.2d 104 (1967); *Ex parte Shaw*, 7 Ohio St. 81, 82 (1857); *Sheldon's Lessee v. Newton*, 3 Ohio St. 494, 499 (1854). When a case is within a court's subject-matter jurisdiction and the parties are properly before the court, any error in the exercise of its jurisdiction renders the court's judgment voidable, not void. *Harper* at ¶ 26; *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 12. In

general, a voidable judgment may be set aside only if successfully challenged on direct appeal. *Harper* at ¶ 26.

{¶ 12} However, in a line of cases beginning with *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, we recognized an exception to the traditional rule, holding that a trial court's failure to properly impose postrelease control renders the sentence—or that part of the sentence—void and permits it to be corrected at any time before it expires. *Id*. at ¶ 23; *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 28; *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 6; *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus; *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 7; *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 7; *Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, at ¶ 8.

{¶ 13} In *Harper*, we acknowledged that our void-sentence jurisprudence had spawned "seemingly endless litigation asking us to determine which sentencing errors must be raised on direct appeal and which may be raised at any time," and we recognized that it had spread beyond the " 'discrete vein of cases' " involving the failure to properly impose postrelease control. *Harper* at ¶ 34, quoting *Fischer* at ¶ 31. We noted that although "[o]ur void-sentence jurisprudence attempted to bring clarity, [it] instead ha[d] sown doubt over the finality of criminal sentences and confused litigants and jurists alike." *Id*. at ¶ 39.

{¶ 14} Concluding that continued adherence to this caselaw was no longer tenable, we overruled it in *Harper* and held that when the trial court has subject-matter jurisdiction over the crime and personal jurisdiction over the accused, the failure to properly impose postrelease control in a sentence renders that sentence voidable, not void. *Id*., ___ Ohio St.3d ___, 2020-Ohio-2913, ___N.E.3d ___, at ¶ 39-42. In so doing, we realigned our void-sentence jurisprudence with the traditional understanding of void and voidable judgments. *Harper* at ¶ 39.

**{¶ 15}** Our decision in *Harper* controls the resolution of this appeal. Hudson was indicted for aggravated murder and felony counts of aggravated burglary, aggravated robbery, felonious assault, kidnapping, tampering with evidence, intimidation, and having a weapon while under a disability. The common pleas court is the proper forum for trying these offenses, and it had subject-matter jurisdiction over this case and personal jurisdiction over the parties. *See* Article IV, Section 4(B), Ohio Constitution; R.C. 2931.03; *Harper* at ¶ 23; *Pratts*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, at ¶ 13.

**{¶ 16}** Because the trial court had the constitutional and statutory power to proceed to judgment, any error in imposing postrelease control was an error in the exercise of jurisdiction. *See Harper* at ¶ 41. Such an error could have been objected to in the trial court and may have been reversible error on direct appeal, but it did not render any part of Hudson's sentence void. *See id.* And because Hudson could have raised his argument that the trial court failed to properly impose postrelease control on appeal, it is now barred by the doctrine of res judicata. *See id.*; *State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶ 7.

### Conclusion

**{¶ 17}** A sentence is void when the sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused. When the sentencing court has jurisdiction to proceed to judgment, sentencing errors in imposing postrelease control render the sentence voidable, not void, and the doctrine of res judicata will apply to collateral attacks on it.

**{¶ 18}** We reiterate the caution we gave in *Harper* to prosecuting attorneys, defense counsel, and pro se defendants throughout this state: they are on notice that any claim that the trial court has failed to properly impose postrelease control in the sentence must be brought on appeal from the judgment of conviction or it will be subject to principles of res judicata.

{¶ 19} Accordingly, because Hudson's collateral attack on his sentence is barred by res judicata, we reverse the judgment of the Tenth District Court of Appeals to the extent that it remanded the case to the trial court to correct the entry imposing postrelease control.

Judgment accordingly.

FRENCH, DEWINE, DONNELLY, and STEWART, JJ., concur.

O'CONNOR, C.J., concurs in judgment only.

FISCHER, J., dissents and would dismiss the appeal as having been improvidently accepted.

_____

Ron O'Brien, Franklin County Prosecuting Attorney, and Seth L. Gilbert, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellant.

Dave Yost, Attorney General, Benjamin M. Flowers, State Solicitor, and Samuel C. Peterson and Zachery P. Keller, Deputy Solicitors, for amicus curiae, Attorney General Dave Yost.

_____