[Cite as *State v. Shepherd*, 2021-Ohio-507.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109496 |
| v. | : | |
| TYSHAWN SHEPHERD, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 25, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-08-518815-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary M. Frey, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Tyshawn Shepherd ("Shepherd") appeals the trial court's denial of his motions to vacate postrelease control. After reviewing the facts of the case and

pertinent law, we affirm the trial court's judgment, because Shepherd's motions are barred by the doctrine of res judicata.

## I.   Facts and Procedural History

{¶ 2}   On January 21, 2009, the trial court journalized[1] Shepherd's guilty plea to aggravated robbery and kidnapping, both first-degree felonies.  This journal entry states that "defendant advised of post release control for 5 years."   On January 23, 2009, the trial court journalized Shepherd's seven-year aggregate prison sentence.  This journal entry states that "post release control is part of this prison sentence for 5 years for the above felony(s) under R.C. 2967.28."

{¶ 3}   Shepherd served his prison sentence and was released in 2015. Shepherd filed successive pro se motions to vacate postrelease control on December 18, 2019, and January 8, 2020.  The trial court denied both motions on January 16, 2020, and it is from this denial that Shepherd now appeals.

## II.  Law and Analysis

{¶ 4}   This case is controlled by the Ohio Supreme Court's recent opinion in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 42, which states that "[w]hen the sentencing court has jurisdiction to act, sentencing errors in the imposition of postrelease control render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal."  *Harper*

---

[1] We refer to the journalization dates rather than the plea hearing and sentencing hearing dates because Shepherd did not file the transcripts from his plea and sentencing hearings, and we have nothing to review other than the journal entries.

reversed the judgment of the appellate court, "to the extent that it remanded the case to the trial court to correct the entry imposing postrelease control." *Id.* at ¶ 44.

{¶ 5} The Ohio Supreme Court issued the following admonition in *Harper*: "we caution prosecuting attorneys, defense counsel, and pro se defendants throughout this state that they are now on notice that any claim that the trial court has failed to properly imposed postrelease control in the sentence must be brought on appeal from the judgment of conviction or the sentence will be subject to res judicata." *Id.* at ¶ 43.

{¶ 6} The Ohio Supreme Court clarified that when a sentence is voidable under *Harper*, "the doctrine of res judicata will apply to collateral attacks on it." *State v. Hudson*, Slip Opinion No. 2019-0646, 2020-Ohio-3849, ¶ 17.

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant [in the trial court] which resulted in that judgment of conviction or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). This court recently held that res judicata barred a collateral attack on the imposition of postrelease control, because the defendant "could have, but did not, raise any issue regarding the postrelease control and his sentencing entry in his direct appeal." *State v. Scott*, 8th Dist. Cuyahoga No. 109436, 2020-Ohio-3676, ¶ 13.

{¶ 7} In the instant case, it is undisputed that the trial court had jurisdiction to sentence Shepherd in 2009, and that Shepherd did not file a direct appeal of his

convictions and sentence at that time. Therefore, res judicata now bars Shepherd's challenge to the postrelease control imposed as part of his sentence, and Shepherd's sole assignment of error is overruled.

**{¶ 8}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MARY EILEEN KILBANE, J., CONCUR