[Cite as *State v. Tobias*, 2021-Ohio-3032.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :

                                                                            No. 110110

    v.                              :

JEFFREY TOBIAS,                         :

    Defendant-Appellant.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 2, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-92-280249-ZA

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Jeffrey D. Tobias, *pro se.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Plaintiff-appellant Jeffrey Tobias proceeds pro se and appeals the trial court's denial of his motion to issue a final, appealable order with a de novo sentencing hearing. We affirm the trial court's judgment.

{¶ 2} Tobias was indicted in 1992 for (1) two counts of aggravated murder of victim E.M. that included a mass murder, firearm, and felony murder specification; (2) attempted aggravated murder of victim J.B. with a firearm specification, and (3) aggravated burglary with a firearm specification.

{¶ 3} On September 21, 1995, Tobias was sentenced pursuant to a plea agreement:

> Defendant in court represented by attorneys Jerome Emoff and Jamie Serrat, and fully advised of his constitutional rights. On recommendation of prosecutor Thomas Conway, count one amended to charge of voluntary manslaughter and delete specifications #1 felony murder and #3, mass murder spec.
>
> Thereupon, defendant retracts his former plea and enters a plea of guilty to voluntary manslaughter, with gun specifications, R.C. 2903.03, amended count one and guilty of attempt aggravated murder, R.C. 2923.02/2903.01 as charged in count two of the indictment, both aggr. fel. 1. all remaining counts nolled. Prosecutor addresses court. Defendant has nothing to say but what had said [sic].
>
> It is ordered by court that defendant, Jeffrey Tobias is sentenced to Lorain Correctional Institution under both counts; 10 years to 25 years on count one with three years for firearm specification to be served prior to and consecutive with the 10 to 25 years sentence; 10 years to 25 years count two with 3 years for firearm spec. To be served prior to and consecutive to 10-25 years sentence; count one and two to run concurrent with each other, but consecutive to defendant's life sentence he is currently serving in New York in Case No. 06-93, Monroe County, New York.
>
> Defendant ordered returned to Downstate Corr. Facility, P.O. Box 445, Red School House Road, R.D. Noel Fishkill, N.Y. 12524, (914) 883-6600; Attn: Patricia Glynn, Inmate Records Coordinator. Sheriff to transport defendant.

Journal Entry of Conviction (Sept. 29, 1995).

{¶ 4} Tobias filed a motion for a delayed appeal that was denied by this court on June 30, 1999. On October 13, 2020, Tobias filed a motion to provide the defendant with a final, appealable order with de novo sentencing hearing requested. On October 26, 2020, the trial court issued a summary denial and this appeal ensued.

{¶ 5} Tobias assigns a single error:

> The trial court erred when it denied appellant's motion to provide him with a final, appealable order with de novo sentencing hearing requested. Tobias complains that there is no single document that constitutes a final appealable order that disposes of all counts and specifications in contravention of the requirements of Crim.R. 32(B). and R.C. 2505.02.

{¶ 6} More specifically, Tobias argues that his plea, conviction, and sentence are set forth in three distinct documents. Tobias states the September 21, 1995 entry recites the plea, conviction, and sentence, but entries entered on January 8, 2018, and January 9, 2018, do not. Therefore, Tobias posits, there is no final appealable order in the case.

{¶ 7} Tobias cites *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, to support his position. Subsequently addressed in *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142:

> A judgment of conviction is a final order subject to appeal under R.C.2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. (Crim.R. 32(C), explained; *State v. Baker*, 119 Ohio St.3d 197, 2008 Ohio 3330, 893 N.E.2d 163, modified.)

*Id.* at paragraph one of the syllabus.

**{¶ 8}** *Lester* addressed the validity of a judgment entry that failed to state "whether the defendant was convicted through a guilty plea, a no-contest plea upon which the court made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial." *Id.* at ¶ 7. The court was required to revisit its decision in *Baker* and Crim.R. 32(C). It determined that "the fact of the conviction, the sentence, the judge's signature, and the entry on the journal by the clerk" are the "substantive provisions" of Crim.R. 32(C) that put "a defendant on notice that a final judgment has been entered and the time for filing of any appeal has begun." *Id.* at ¶ 11, citing *State v. Tripodo*, 50 Ohio St.2d 124, 127, 363 N.E.2d 719 (1977).

**{¶ 9}** The trial court in *Lester* corrected the entry via nunc pro tunc prior to the appeal. The *Lester* Court advised that an entry lacking the elements complained of in the appeal could be corrected by motion pursuant to

> Crim.R. 36, in conjunction with Crim.R. 57(B) and 47 and Civ.R. 7(B). But the fact that a defendant may be entitled to a revised order setting forth an inadvertently omitted term that is required by Crim.R. 32(C) as a matter of form does not prevent an original order that conforms to the substantive requirements of Crim.R. 32(C) from being final.

*Lester* at ¶ 16.

**{¶ 10}** Tobias concedes that the September 21, 1995 judgment entry contains the requisite three elements. Review of the January 2018 entries reveal that the January 8, 2018 entry references the September 21, 1995 sentencing entry and was issued to remand Tobias upon completion of the term that Tobias was serving in New York at the time of conviction in this case:

See sentencing journal entry of 9/21/1005. Defendant remanded. Sheriff ordered to transport defendant Jeffrey Tobias, DOB: 04/030/1972, Gender: Male, Race: Black.

Journal entry No. 101993848 (Jan. 8, 2018).

{¶ 11} The January 9, 2018 journal entry states:

[Defendant] sentenced to Lorain Correction to serve sentence in this case * * * See sentencing journal entry 9/21/1995. Sheriff ordered to transport defendant Jeffrey Tobias, DOB: 04/30/1972, Gender: Male, Race: Black.

Journal entry No. 102047545 (Jan. 9, 2018).

{¶ 12} The sole sentencing entry issued in this case is the September 21, 1995 entry that constitutes a final appealable order. To that end, we recognize that because the trial court had subject-matter jurisdiction over the case and personal jurisdiction over defendant, any sentencing error is deemed "voidable, not void, and the doctrine of res judicata will apply to collateral attacks on it." *State v. Hudson*, 161 Ohio St.3d 166, 2020-Ohio-3849, 161 N.E.3d 608, ¶ 17, citing *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 41, and *State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶ 7. *See also State ex rel. Romine v. McIntosh*, 162 Ohio St.3d 501, 2020-Ohio-6826, 165 N.E.3d 1262 (the imposition of compound sentences for allied offenses is a jurisdictional challenge that must be challenged on direct appeal.). Tobias did not challenge the journal entries on direct appeal.

{¶ 13} Tobias also charged that the 1995 entry failed to dispose of the R.C. 2941.141 firearm specification that attached to the aggravated burglary charge under R.C. 2911.11. The entry states that all remaining counts are nolled but does

not specifically say that the firearm specification is nolled.  As the state observes, this argument was not posed on direct appeal and is not subject to collateral attack. *Hudson* at ¶ 17, citing *Harper* at ¶ 41, and *Were* at ¶ 7.

**{¶ 14}** In addition, we advise that a firearm specification "is contingent upon an underlying felony conviction." *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 16.  It is "merely a sentencing provision that requires an enhanced penalty upon certain findings" and is "a sentence enhancement that attaches to a predicate offense." *Id.* The predicate offense was nolled, thus the firearm specification cannot stand alone.

**{¶ 15}** We find that the trial court did not err when it denied Tobias's motion to issue him a final appealable order with a de novo sentencing hearing.

**{¶ 16}** Tobias's single assigned error lacks merit.

**{¶ 17}** The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
MICHELLE J. SHEEHAN, J., CONCUR