[Cite as *State v. Bishop*, 2021-Ohio-4168.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

                  No. 110423

          v. :

RICKY BISHOP, :

    Defendant-Appellant. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** November 24, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-630164-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Warren W. Griffin, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Aaron T. Baker, Assistant Public Defender, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Ricky Bishop appeals the trial court's denial of his motion to vacate the March 11, 2021 nunc pro tunc entry that corrected his sentencing entry. Because Bishop had completed the prison sentence imposed by

the trial court prior to the court correcting the sentencing entry, the trial court erred denying the motion to vacate. Accordingly, we reverse the judgment of the trial court.

{¶ 2} On February 21, 2019, Bishop was convicted of one count of aggravated assault in violation of R.C. 2903.12(A)(1) and was sentenced to a 5-year term of community control sanctions. The trial court notified Bishop that he could serve an 18-month prison sentence if he violated the terms of his community control sanctions. Bishop's case was transferred to the Cuyahoga County Veterans Court docket for supervision. Thereafter, the trial court held several community control violation hearings between April 25, 2019, and September 19, 2019, in which the trial court ordered additional sanctions, including residential community control sanctions.

{¶ 3} On April 28, 2020, the trial court issued a capias for Bishop's arrest. Bishop was arrested January 14, 2021, and on January 19, 2021, the trial court held a violation hearing. The trial court found Bishop to be in violation of his community control sanctions and ordered the previously imposed 18-month prison sentence into execution. The January 19, 2021 journal entry filed by the trial court reads in pertinent part:

> The court finds that prison is consistent with the purpose of R.C. 2929.11. Defendant terminated unsuccessfully from term of community control sanctions and Veterans Treatment Court. It is therefore, ordered *that said defendant, Ricky Bishop, is now sentenced to the Lorain Correctional Institution for a term of 8 month(s).* Defendant to receive 179 jail time credit for time at the CBCF. Defendant to receive 131 days jail time credit for time at county

jail. Defendant to receive an aggregate total of 310 days of jail time credit and any time accrued while awaiting transport to Lorain Correctional Institution.

(Emphasis added.)

{¶ 4} On February 24, 2021, the Ohio Department of Rehabilitation and Correction sent a letter to the trial court indicating that Bishop was admitted to their custody, the 8-month sentence reflected in the January 19, 2021 sentencing journal entry was served in full, and Bishop was to be released from custody on February 24, 2021. On that same date, the trial court filed a nunc pro tunc entry to replace the January 19, 2021 sentencing journal entry. However, that nunc pro tunc entry iterated the trial court imposed an 8-month prison sentence on January 19, 2021.

{¶ 5} On March 11, 2021, the trial court issued a second nunc pro tunc entry regarding the sentence. The March 11, 2021 entry reads in pertinent part:

The court finds that prison is consistent with the purpose of R.C. 2929.11. Defendant terminated unsuccessfully from term of community control sanctions and Veterans Treatment Court. It is therefore, ordered *that said defendant, Ricky Bishop, is now sentenced to the Lorain Correctional Institution for a term of 18 month(s).* Defendant to receive 179 jail time credit for time at the CBCF. Defendant to receive 131 days jail time credit for time at county jail. Defendant to receive an aggregate total of 310 days of jail time credit and any time accrued while awaiting transport to Lorain Correctional Institution.

(Emphasis added.)

{¶ 6} On March 24, 2011, Bishop filed a motion to vacate the March 11, 2021 nunc pro tunc entry arguing that he served the 8-month prison sentence imposed by the trial court's January 19, 2021 sentencing entry in full on February 24, 2021,

and that the trial court could not increase the sentence by means of a nunc pro tunc entry. The trial court obtained a transcript of the January 19, 2021 hearing, and on April 11, 2021, denied Bishop's motion, but suspended further execution of the prison sentence pending any appeal. Bishop appeals the trial court's denial of his motion to vacate the March 11, 2021 nunc pro tunc entry.

{¶ 7} Bishop raises one assignment of error, which reads:

The trial court erred in issuing its March 11, 2021 nunc pro tunc journal entry, because it violated Mr. Bishop's due process interest in the finality of his sentence under U.S. Const. Amends. V, XIV, and Ohio Const. Art. I, Sec. 10.

{¶ 8} Bishop argues that because the trial court's January 19, 2021 journal entry imposed an 8-month term of incarceration that he served in full prior to March 11, 2021, the trial court could not increase his sentence through a nunc pro tunc order. The state argues that pursuant to Crim.R. 36, the trial court could correct the January 19, 2021 sentencing entry at any time, even after Bishop had served the sentence imposed by the original entry in full.

{¶ 9} It is well settled law that a court speaks only through its journal. *State v. Steinke*, 8th Dist. Cuyahoga No. 81785, 2003-Ohio-3527, ¶ 45, citing *Gaskins v. Shiplevy*, 76 Ohio St. 3d 380, 382, 667 N.E.2d 1194 (1996). It is also well settled law that pursuant to Crim.R. 36, a court may correct clerical errors in its journal at any time. *State v. Sandidge*, 8th Dist. Cuyahoga No. 109277, 2020-Ohio-1629, ¶ 7. However, at issue in this case is not the court's ability to issue a nunc pro tunc order to reflect that it imposed an 18-month prison sentence on January 19, 2021, but

rather whether the trial court had the ability to issue that entry after Bishop had fully served the 8-month prison sentence imposed in the January 19, 2021 journal entry.

{¶ 10} In *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382,[1] the Ohio Supreme Court was asked to consider whether a sentencing court could impose postrelease control sanctions upon a defendant after the defendant had fully served his prison sentence. The Ohio Supreme Court noted it "consistently and repeatedly held that a trial court loses jurisdiction to resentence a defendant for the purpose of imposing postrelease control once the defendant has served his entire sentence of incarceration." *Id.* at ¶ 5, citing *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 32; *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 70; *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 18. The *Holdcroft* Court found that

> [n]either this court's jurisprudence nor Ohio's criminal-sentencing statutes allow a trial court to resentence a defendant for an offense when the defendant has already completed the prison sanction for that offense.

*Id.* at ¶ 19

---

[1] We recognize that *Holdcroft* has been abrogated on other grounds by *State v. Hudson*, 161 Ohio St.3d 166, 2020-Ohio-3849, 161 N.E.3d 608, and *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248.

{¶ 11} This court recently recognized the validity of that holding regarding finality in *State v. Smith,* 8th Dist. Cuyahoga No. 109963, 2021-Ohio-3099, ¶ 20, stating that "[t]he Ohio Supreme Court has explained that when a defendant has fully served his or her sentence, the defendant enjoys an expectation of finality, which prevents further modification."

{¶ 12} Further, neither the state nor Bishop filed an appeal of the January 19, 2021 entry in which the court imposed the 8-month sentence. We note that the importance of finality in criminal sentences has been reinforced by the Ohio Supreme Court's recent holdings in *State v. Hudson*, 161 Ohio St.3d 166, 2020-Ohio-3849, 161 N.E.3d 608, and *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, in which postconviction challenges to an error in the pronouncement of sentence that could have been raised on direct appeal are now subject to being barred by the doctrine of res judicata. *Hudson*, 2020-Ohio-3849, ¶ 16, *Harper*, 2020-Ohio-2913, ¶ 41. And we recognize that even unlawful sentences can become final if not imposed in accordance with law. *See State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776.

{¶ 13} In this case, it is not contested that Bishop fully served the 8-month prison sentence reflected in the January 19, 2021 journal entry before the trial court attempted to correct its error on March 11, 2021. Because Bishop's sentence was fully served by March 11, 2021, the trial court was without jurisdiction to modify the sentence. Accordingly, the trial court erred by denying Bishop's motion to vacate the nunc pro tunc entry. We sustain Bishop's sole assignment of error.

**{¶ 14}** Judgment reversed, and case remanded to the trial court with instructions to vacate the March 11, 2021 nunc pro tunc entry.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EMANUELLA D. GROVES, J., CONCUR