[Cite as *Shaw v. Black*, 2023-Ohio-1428.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

PIERRE SHAW

    Petitioner

    v.

JENNIFER BLACK, WARDEN

    Respondent

C.A. No.    22CA011930

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: May 1, 2023

PER CURIAM.

{¶1}    Pierre Shaw has petitioned this Court for a writ of habeas corpus to compel Respondent, Jennifer Black, to release him from custody. Warden Black has moved to dismiss. For the following reasons, this Court grants the motion to dismiss.

{¶2}    When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the petition are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A petition can only be dismissed when, having viewed it in this way, it appears beyond doubt that the petitioner can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d 389, 2008-Ohio-4787, ¶ 7. With this standard in mind, we begin with the facts alleged in the petition.

{¶3}    According to Mr. Shaw's petition, he was convicted of robbery in 2007 and sentenced to four years in prison. The judgment of conviction included a notification regarding

postrelease control, but it did not state that postrelease control is imposed "pursuant to R.C. 2967.28."

{¶4} Mr. Shaw served his sentence and, after his release, violated the terms of his postrelease control by committing a new offense. After he served a federal prison term, the Adult Parole Authority held a hearing and determined that he violated the terms of his postrelease control. He received a prison-term sanction which he is currently serving in the Lorain Correctional Institution.

{¶5} Mr. Shaw filed this petition seeking his immediate release from custody. Relying on *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, ¶ 1, he contends that his judgment of conviction, which failed to cite to R.C. 2967.28, did not authorize the Adult Parole Authority to validly impose postrelease control.

{¶6} State habeas corpus relief is available in specific, extraordinary circumstances. R.C. Chapter 2725 prescribes the procedure for bringing a habeas corpus action. The petitioner must file a petition that contains specific, required, information. If the petition fails to state a claim, this Court should dismiss it. *Chari v. Vore*, 91 Ohio St.3d 323, 327 (2001). For this Court to grant the writ, Mr. Shaw must demonstrate that there is an unlawful restraint of his liberty or that the judgment of conviction and sentence is void due to lack of jurisdiction. *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99-100 (1996). Mr. Shaw has alleged that the Adult Parole Authority could not supervise him on postrelease control because the judgment of conviction is erroneous for failing to include a cite to R.C. 2967.28.

{¶7} As noted above, to dismiss a petition under Civ.R. 12(B)(6), it must appear beyond doubt from the petition, after all factual allegations are presumed true and all reasonable inferences are made in favor of Mr. Shaw, that he can prove no set of facts warranting relief. *State ex rel.*

*Dehler v. Sutula, Judge*, 74 Ohio St.3d 33, 34 (1995). "A writ of habeas corpus is warranted in certain extraordinary circumstances 'where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law.'" *Johnson v. Timmerman-Cooper*, 93 Ohio St.3d 614, 616 (2001), quoting *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99 (1996).

**{¶8}** Mr. Shaw has asserted that the Adult Parole Authority could not supervise him on postrelease control because the judgment of conviction fails to cite to R.C. 2967.28. According to Mr. Shaw, pursuant to *State v. Grimes*, this failure means that the judgment of conviction did not validly impose postrelease control.

**{¶9}** Since *Grimes* was decided, the Supreme Court has reconsidered its approach to postrelease control notification sentencing errors. The Court has "reject[ed] the notion that the failure to incorporate a notice of the consequences of a violation of postrelease control in the sentencing entry as required by *Grimes* renders the sentence void to the extent that it does not properly impose postrelease control." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 6. *See*, *also*, *State v. Hudson*, 161 Ohio St.3d 166, 2020-Ohio-3849. In other words, an error in the imposition of postrelease control renders the judgment of conviction voidable, not void.

**{¶10}** To the extent there is any error in the trial court's imposition of postrelease control in Mr. Shaw's judgment of conviction, that error renders the judgment of conviction voidable, not void. *Hudson* at ¶ 14. Because Mr. Shaw could have raised this error on appeal, his argument that the trial court failed to properly impose postrelease control is barred by res judicata. *Id.* at ¶ 16.

**{¶11}** Considering all of the allegations in Mr. Shaw's petition as true, they are insufficient to warrant habeas corpus relief. The motion to dismiss is granted, and this case is dismissed. Costs are taxed to Mr. Shaw.

{¶12} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

JENNIFER L. HENSAL
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

PIERRE SHAW, Pro Se, Petitioner.

DAVE YOST, Attorney General, and STEPHANIE L. WATSON, Assistant Attorney General, for Respondent.