[Cite as *State v. West*, 2025-Ohio-2553.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | | C.A. No. 2025CA0014-M |
| | | |
| Appellee | | |
| | | |
| v. | | APPEAL FROM JUDGMENT |
| | | ENTERED IN THE |
| MILAN J. WEST | | COURT OF COMMON PLEAS |
| | | COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 12CR0509 |

## DECISION AND JOURNAL ENTRY

Dated: July 21, 2025

---

FLAGG LANZINGER, Presiding Judge.

**{¶1}** Milan West appeals from the judgment of the Medina County Court of Common Pleas. For the following reasons, this Court affirms.

I.

**{¶2}** In November 2012, West pleaded no contest to six felony counts of drug trafficking. The trial court accepted West's plea and found him guilty. The trial court sentenced West to an agreed sentence of four years of incarceration with credit for 107 days already served. The trial court also imposed a mandatory term of five years of postrelease control. West did not file a direct appeal.

**{¶3}** In February 2025, West filed a pro se "Motion to Vacate and Discharge Defendant from Prison and from all Obligations Related to Post Release Control Supervision Pursuant to R.C. 2967.28[.]" In the motion, West argued that the sentencing judgment entry was void because it did not: (1) advise him that the adult parole authority would administer his postrelease control

pursuant to R.C. 2967.28; or (2) notify him that the parole board could impose a maximum prison term of up to one-half of the prison term originally imposed if he violated the conditions of his postrelease control. West asserted that he completed the underlying prison sentence in May 2016 and was released on postrelease control. According to West, he is currently imprisoned at the Lorain Correctional Institution because he violated the terms of his "unlawfully" imposed postrelease control. As a result, West asked the trial court to "issue an Order vacating his judicial-sanction sentence and discharging him from all obligations related to post release control."

{¶4} The trial court summarily denied West's motion without holding a hearing. West now appeals the trial court's denial of his motion, raising one assignment of error for this Court's review.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED BY DENYING DEFENDANT'S MOTION TO VACATE AND DISCHARGE DEFENDANT FROM ALL OBLIGATIONS RELATED TO POST RELEASE CONTROL SUPERVISION PURSUANT TO R.C. 2967.28.**

{¶5} In his sole assignment of error, West argues that the trial court erred by denying his "Motion to Vacate and Discharge Defendant from Prison and from all Obligations Related to Post Release Control Supervision Pursuant to R.C. 2967.28[.]" For the following reasons, this Court overrules West's assignment of error.

{¶6} "[A]n error in the imposition of postrelease control renders the judgment of conviction voidable, not void." *Shaw v. Black*, 2023-Ohio-1428, ¶ 9 (9th Dist.). As the Ohio Supreme Court has explained, "any claim that the trial court has failed to properly impose postrelease control in the sentence must be brought on appeal from the judgment of conviction or the sentence will be subject to res judicata." *State v. Harper*, 2020-Ohio-2913, ¶ 43. Under the doctrine of res judicata:

> [A] final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Little*, 2021-Ohio-1446, ¶ 11 (9th Dist.), quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶7} Here, West was represented by counsel during the trial court proceedings. The trial court entered its judgment of conviction in November 2012. West did not file a direct appeal. Over 12 years later, West filed his "Motion to Vacate and Discharge Defendant from Prison and from all Obligations Related to Post Release Control Supervision Pursuant to R.C. 2967.28[.]" "[B]ecause [West] could have raised his argument that the trial court failed to properly impose postrelease control on appeal, it is now barred by the doctrine of res judicata." *Harper* at ¶ 41; *Black* at ¶ 10 ("Because [the defendant] could have raised this error on appeal, his argument that the trial court failed to properly impose postrelease control is barred by res judicata."); App.R. 4(A) (regarding the time for filing a direct appeal). Consequently, West's assignment of error is overruled.

III.

{¶8} West's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JILL FLAGG LANZINGER
FOR THE COURT

CARR, J.
SUTTON, J.
CONCUR.


APPEARANCES:

MILAN J. WEST, pro se, Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellee.